UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00141-GNS

BENJAMIN VIENT                                                                              PLAINTIFF

v.

PAXTON MEDIA GROUP                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or for Summary Judgment (DN 7), Plaintiff's Motion to Amend Complaint (DN 11), Plaintiff's Motion to Transfer Case (DN 17), and Plaintiff's Motion for Leave to Add a Defendant (DN 19). These matters are ripe for adjudication. For the reasons that follow, Defendant's motion for summary judgment and Plaintiff's motion to amend are **GRANTED**. Plaintiff's remaining motions are **DENIED AS MOOT**.

### I.     BACKGROUND

#### A.     Statement of Facts

Plaintiff Benjamin Vient ("Vient") is the owner of certain copyrights registered with the U.S. Copyright Office, which he identifies as TX0008587743, TX0008587772, and TX0008589705. (Compl. 6, DN 1; Compl. Ex. 5, at 1-4, DN 1-2). While the allegations in Vient's Complaint are somewhat unclear, Vient appears to be alleging various copyright infringements by Defendant Paxton Media Group ("Paxton Media"). (Compl. 6). Vient alleges that Paxton Media "reproduced, distributed, and displayed [his] works without authorization . . . ." (Compl. 6). The Complaint's exhibits show screenshots of Vient's

1

copyrighted work, which he identifies as "The People You Meet in a Dining Car" and "Finding the Spirit of Hospitality in Hungary." (Compl. 7; Compl. Ex. 5, at 1-2, DN 1-2). Two of the screenshots show that the online publisher of the articles was "News-Examiner, Paxton Media Group." (Compl. Ex. 1, at 1, DN 1-2; Compl. Ex. 3, at 1, DN 1-2).

The Amended Complaint further identifies two additional copyrighted works "Into Budapest's Train Graveyard" and "Welcome on Board/Riding On," which Vient alleges Paxton Media had access to because it owns *The Sanford Herald*. (Am. Compl. 8, DN 11-1). The attached screenshots confirm that these articles were published in connection with *The Sanford Herald*. (Am. Compl. Ex. 3, at 1, DN 11-2; Am. Compl. Ex. 4, at 1, DN 11-2). The Amended Complaint further contends that Paxton Media gave Vient's "exclusive rights under Copyright Law to third-parties, such as the NewsLibrary/NewsBank." (Am. Compl. 6; Am. Compl. Ex. 6, at 1, DN 11-2).

Paxton Media points this Court to two federal cases initiated by Vient—one concluded and one ongoing—that Paxton Media contends are duplicative of the present case. First, Vient initiated a similar case in Indiana (the "Indiana Case") alleging copyright infringement by *Connersville News Examiner*, an unincorporated newspaper published by Paxton Media. (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 1-2, DN 7-1). The Indiana Case was dismissed with prejudice in May 2018 for failure to state a claim. *See Vient v. Connersville News Exam'r*, No. 1:17-CV-04691-JMS-TAB, 2018 WL 2336088 (S.D. Ind. May 23, 2018), *motion for relief from judgment denied*, 2019 WL 1508960 (S.D. Ind. Apr. 5, 2019). Second, in January 2019, Vient initiated a case in North Carolina (the "North Carolina Case") alleging copyright infringement by Rachel Raney and

*The Sanford Herald*, also owned and published by Paxton Media.[1] (Def.'s Reply Mot. Dismiss & Summ. J. 3, DN 13); *see Vient v. Sanford Herald*, No. 1:19-CV-00002 (M.D. N.C. 2019). This case is still ongoing.[2]

B. **Procedural History**

On September 30, 2019, Vient filed the present Complaint alleging that Paxton Media displayed several pieces of his work in violation of his copyrights. (Compl. 6-9). On October 22, 2019, Paxton Media moved to dismiss the Complaint or, alternatively, for summary judgment. (Def.'s Mot. Dismiss & Summ. J. 1, DN 7). On November 8, 2019, Vient filed a motion to amend the Complaint, which he later clarified was also a response in opposition to Paxton Media's motion to dismiss.[3] (Pl.'s Mot. Am. Compl., DN 11; Pl.'s Supp. Resp., DN 15). Paxton Media opposed Vient's motion to amend and replied to Vient's response. (Def.'s Reply Mot. Dismiss & Summ. J.). Vient filed an additional reply. (Pl.'s Suppl. Reply, DN 16). On February 3, 2020, Vient made a motion to transfer,[4] to which Paxton Media responded. (Pl.'s Mot. Transfer, DN 17; Def.'s

---

[1] Vient's Amended Complaint states that Paxton Media had access to the allegedly infringing works because "Paxton Media owns The Sanford Herald . . . ." (Am. Compl. 8). Furthermore, an affidavit by Eric Rudolph, which was provided by Vient, identifies Paxton Media as "Paxton Media Group d/b/a *The Sanford Herald*." (Pl.'s Mot. Add Def. Ex. A, at 1, DN 19-1).

[2] This Court will consider the court records from the Indiana Case and the North Carolina Case because they are public records. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004). Alternatively, Paxton Media has invited this Court to view its motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

[3] Fed. R. Civ. P. 15(a)(1) provides for amending as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because Vient's motion to file an Amended Complaint was within 21 days of Paxton Media's motion to dismiss, he could have amended his Complaint as a matter of course. As such, Vient's motion to amend is granted. Because the Amended Complaint is remarkably similar to the Complaint and does not address the issues raised in Paxton Media's motion to dismiss, this Court will still consider the motion to dismiss.

[4] Vient filed an identical motion to transfer in the North Carolina case at DN 56. While styled as a motion to transfer, this motion actually requests that this Court take jurisdiction over the North Carolina Case, which this Court does not have the power to do. *See* 28 U.S.C. § 1404. Moreover,

Resp. Pl.'s Mot. Transfer, DN 18). Finally, on March 11, 2020, Vient moved to add a new defendant to this case—Eric Rudolph ("Rudolph"), Vice President of Paxton Media. (Pl.'s Mot. Add Def., DN 19).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action via federal question, 28 U.S.C. § 1331, because the Complaint alleges violations of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

## III.     DISCUSSION

Paxton Media contends that Vient's present claim is barred by the doctrine of res judicata on account of the previous Indiana Case. (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 3-5). Second, In addition, Paxton Media maintains that Vient's claim is barred by the rule against claim-splitting by virtue of the North Carolina Case. (Def.'s Reply Mot. Dismiss & Summ. J. 3).

### A.     Res Judicata

This case clearly demonstrates the harms that can occur when a litigious plaintiff seeks to repeatedly re-litigate the same claims over and over again throughout the country. As such, Paxton Media argues that Vient's current claim is barred by the doctrine of res judicata, i.e. claim preclusion. (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 3). "The doctrine of res judicata prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies." *Andrew v. United States*, No. 3:14-CV-355, 2014 WL 7405721, at *2 (W.D. Ky. Dec. 30, 2014) (citations omitted). "*Res judicata* simply means that a litigant generally does not get two bites at the apple." *Talismanic*

---

given that Vient's claim is barred by the doctrine of res judicata and the rule against claim splitting, his motion to transfer is moot.

4

*Props., LLC v. City of Tipp City*, 742 F. App'x 129, 131 (6th Cir. 2018). When there are successive federal actions, the federal common law of res judicata is applied rather than state law. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996). Claim preclusion is appropriate when four elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Trs. of Operating Eng'rs Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380 (6th Cir. 2019) (internal quotation marks omitted) (citation omitted).

First, Paxton media contends that the Indiana Case was a prior, final decision on the merits warranting claim preclusion. (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 4). Vient does not appear to contest that the Indiana Case terminated with a final decision on the merits, nor could he. The Indiana Case concluded when Vient's claim was dismissed *with prejudice* for failure to state a claim for copyright infringement. *Vient*, 2018 WL 2336088, at *4. As such, the Indiana Case was resolved with a final decision on the merits. *See Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002) ("A dismissal with prejudice is considered a final judgment on the merits for purposes of res judicata." (citation omitted)); *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989) ("In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect." (citation omitted)). The judge in the Indiana Case further denied Vient's motion for relief from judgment, thereby reaffirming the decision to dismiss Vient's claim with prejudice. *Vient*, 2019 WL 1508960, at *4. The first element of res judicata is thereby met.

Second, Paxton Media asserts that the first action and the second action involve the same parties because Paxton Media of this action was the "real party in interest" in the Indiana Case

because "it is the legal entity that owns and operates the newspaper; the newspaper is not itself a separate corporate entity." (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 4). Vient, again, does not directly counter this argument and merely states that this case concerns a "different party." (Pl.'s Suppl. Reply 1). Paxton Media is the undisputed owner and publisher of *Connersville News Examiner*, the defendant in the prior Indiana Case. (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 1). It is also uncontested that *Connersville News Examiner* is not an entity or corporation separate from Paxton Media, such than any suit against the newspaper is really against Paxton Media itself. Furthermore, Paxton Media and *Connersville News Examiner* are also likely in privity with one another. "Privity is an ambiguous term, a shorthand designation for those persons who have a sufficiently close relationship with the record parties to be bound by the judgment." *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1109 (6th Cir. 1981) (quotation marks omitted) (citation omitted). "Privity . . . means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir. 1992) (citation omitted). As the owner and publisher of *Connersville News Examiner*, Paxton Media had the ability to control and shared identical interests with the newspaper when fending off Vient's previous claim. Paxton Media would have, presumably, also been responsible for any damages awarded to Vient in the Indiana Case. Paxton Media and *Connersville News Examiner* are thereby in privity with one another for federal res judicata purposes. Because the Indiana Case and this case involve the same parties or parties in privity, the second element of res judicata is satisfied.

Third, Paxton Media argues that "Vient raises the same claims here that he unsuccessfully pursued in the prior litigation. At a minimum, there is no question that the claims asserted herein 'could have been litigated in the first action.'" (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 4).

The judge in the Indiana Case summarized the complaint as "a claim for copyright infringement, which appears to be what Mr. Vient is attempting to allege . . . ." *Vient*, 2018 WL 2336088, at *3. As noted, that claim was made against *Connersville News Examiner*, a newspaper owned and operated by Paxton Media. *Id*. at *1. In the present case, Vient has merely repackaged his previous claim with Paxton Media as the named defendant this time rather than *Connersville News Examiner*. While the scope of Vient's allegations here are somewhat unclear, it appears that the present claim was already considered and dismissed in the Indiana Case. Vient argues that "[t]hese actions are different" because the present action also includes a claim under 17 U.S.C. § 201(d). But, merely citing to another section of the Copyright Act does not transform this claim into a new one distinguishable from Vient's previous claims. At the very least, insofar as this claim was not raised in the Indiana case, it "*could* have been litigated" in that action. The third element of res judicata is met.

Fourth and finally, Paxton Media states that this action and the Indiana Case arise out of the same transaction or occurrence and thereby have the same identity of cause of action. (Def.'s Mem. Supp. Mot. Dismiss & Summ. J. 4). "An identity of the causes of action exists 'if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts.'" *Bourdow Contracting, Inc.*, 919 F.3d at 383 (quoting *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008)). When assessing this element of res judicata, the Court must look "beyond the legal theories asserted [and] see if the two claims stem from the same underlying factual circumstances." *Hunter v. Wilson*, No. 3:13-CV-666, 2013 WL 5944760, at *2 (W.D. Ky. Nov. 5, 2013) (alteration in original) (citation omitted). Again, the vague nature of Vient's claims both in this case and the Indiana Case make it exceedingly difficult to assess whether the same underlying transaction or occurrence resulted in both lawsuits. The

7

challenged conduct in both matters was the allegedly improper publication of Vient's copyrighted works to online sources. Insofar as Vient is alleging new facts unconnected with the circumstances that gave rise to the previous case, it is not at all apparent to this Court what those circumstances would be. Vient is not entitled to the benefit of the doubt, however, on account of his own poorly pleaded complaints in two respective actions. As such, this Court concludes that this case and the Indiana Case arose from the same transaction and occurrence and therefore have identity of causes of action. The fourth and final element of res judicata is thereby met.

Because every element of res judicata is met, Vient is unable to re-litigate his previously adjudicated claim.

### B. <u>Claim Splitting</u>

Next, Paxton Media contends that Vient's claim is barred by the rule against claim-splitting by virtue of the North Carolina Case. (Def.'s Reply Mot. Dismiss & Summ. J. 3). The Sixth Circuit recently expounded on the standard for claim splitting:

> Claim-splitting and duplicative litigation are variations of res judicata. Res judicata—more specifically here, claim preclusion—bars subsequent litigation of causes of action where a court has already issued a final decision on the merits in an earlier case and the causes of action were, or should have been, litigated in the earlier case between the same parties. "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." Essentially, claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment.

*Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (internal citations omitted) (citation omitted).

Vient's present claim is duplicative of the claim currently being litigated in the North Carolina Case and is thereby prohibited claim splitting. As noted, the North Carolina Case is based on a copyright infringement claim made against *The Sanford Herald*, a newspaper owned and operated by Paxton Media. In the course of that lawsuit, Vient learned via an affidavit of Rudolph

8

that Paxton Media was the publisher of *The Sanford Herald*. (Pl.'s Mot. Add Def. Ex. A, at 1, DN 19). Given that the affidavit was filed in the North Carolina Case on April 17, 2019, and this case was filed on September 30, 2019, Vient knew of the connection between *The Sanford Herald* and Paxton Media when he filed the present case. In fact, that affidavit was very likely the reason that Vient filed this case in the first place. The Am. Compl. states: "Paxton Media Group is the infringer, known because of an Affidavit in a 2019 case in North Carolina (1:19-cv-2), where Rudolph, Vice President of Paxton Media Group revealed Paxton Media Group's infringement of works . . . ." (Am. Compl. 6).

What Vient initially failed to realize, however, is that his claim in the North Carolina case against *The Sanford Herald* was already a claim against Paxton Media because *The Sanford Herald* is entirely owned by Paxton Media. He cannot simultaneously pursue two identical claims. Vient now seems to understand his conundrum, which is presumably why he asked this Court to take jurisdiction over the North Carolina Case and to transfer it to this Court. (Pl.'s Mot. Transfer 1). As previously noted, this Court does not have the power to control another Court's docket; it can, however, control its own. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citations omitted)).

The current claim is for the same conduct against the same real party in interest as in the North Carolina case. It is thereby barred under the rule against claim splitting and is dismissed. *See Waad*, 762 F. App'x at 261 ("Duplicative litigation allows district courts to dismiss later-filed cases because of the preclusive effects that the earlier cases would have on the litigation." (citation omitted)).

9

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss or for Summary Judgment (DN 7) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion to Amend Complaint (DN 11) is **GRANTED**.

3. Plaintiff's Motion to Transfer Case (DN 17) and Plaintiff's Motion for Leave to Add a Defendant (DN 19) are **DENIED AS MOOT**.

4. The Clerk is directed to strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 31, 2020

cc: counsel of record
Benjamin Vient, *pro se*